U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 30 2014
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEVEN WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-158-A |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION
### and
### ORDER

Came on for consideration the motion to dismiss, filed in the above-captioned action by defendant, United States of America. Plaintiff, Steven Wilson, filed a response, and defendant filed a reply. After having considered all the parties' filings and applicable legal authorities, the court concludes that the motion to dismiss should be granted in part and denied in part.

I.

Background

Plaintiff initiated this action by filing a complaint against defendant, and defendant filed the instant motion to dismiss. Plaintiff makes the following factual allegations in

his complaint:

Plaintiff was convicted of Mail Fraud, a felony, in 1995. In January 2014, plaintiff attempted to purchase a derringer handgun and a box of ammunition at a gun store in Fort Worth, Texas. The handgun was manufactured in Grandbury, Texas, by Bond Arms Co. and had never traveled in interstate commerce, but the ammunition had at some time in the past traveled in interstate commerce. The dealer refused to sell plaintiff the handgun and ammunition after running a background check on plaintiff using the National Instant Criminal Background Check System, and plaintiff was issued an "NTN" decline number of 2HBHL11, which prohibited him from purchasing the firearm. Plaintiff appealed the denial, but on January 14, 2014, defendant denied the appeal, claiming that plaintiff is a prohibited possessor under 18 U.S.C. § 921(a)(2) and 922(g)(1).

II.

Plaintiff's Claims and Grounds of Defendant's Motion

Although it is somewhat difficult to ascertain the exact causes of action alleged in the complaint, plaintiff's complaint apparently asserts the following: (1) the denial of transfer of ammunition and an "In-State" firearm to plaintiff was a violation of 18 U.S.C. § 922(t)(2); (2) plaintiff's Second Amendment rights

were violated; and (3) the Tenth Amendment was violated because 18 U.S.C. § 922(g) has no nexus with interstate commerce.

Defendant contends that plaintiff's complaint must be dismissed because 18 U.S.C. §922(g)(1) is a valid exercise of Congress's power under the Commerce Clause and plaintiff cannot establish a Second Amendment or Tenth Amendment violation.

III.

Standards Applicable to Motion to Dismiss

The court now considers the standard of pleading, and applies these standards to plaintiff's complaint. Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Pro se complaints and arguments must be liberally construed. Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. See

3

Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 1950. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

## IV.

### Application of Law to Facts

A.  Tenth Amendment and Commerce Clause Claims

Plaintiff claims that the passing and enforcement of 18 U.S.C. § 922(g) was a violation of the Tenth Amendment in that such law "has no nexus with Interstate Commerce," apparently

4

because "that law applies to 'In-State' guns and ammo" as well as "'out of state guns' and ammo." Compl. at 4. To the extent that plaintiff is attempting to bring a facial challenge to the constitutionality of 18 U.S.C. § 922(g) based on Congress's power under the Commerce Clause, such argument is meritless and foreclosed in the Fifth Circuit. See United States v. Alcantar, 733 F.3d 143, 145 (5th Cir. 2013) cert. denied, 134 S. Ct. 1570 (U.S. 2014); United States v. Darrington, 351 F.3d 632, 634 (5th Cir. 2003). Therefore, plaintiff's Tenth Amendment claim fails. See Darrington, 351 F.3d at 634.

B.  Second Amendment Claim

In his complaint, plaintiff claims that "Defendant also violated Plaintiff's Second Amendment Constitutional right to bear arms." Compl. at 3. Such a conclusory allegation is insufficient to state a claim. However, plaintiff further asserts, in his response to the motion to dismiss, that 18 U.S.C. § 922(g)(1) is unconstitutional because it denies Second Amendment rights to non-violent felons, relying on the Supreme Court's opinion in D.C. v. Heller, 554 U.S. 570 (2008). In any event, such claim is meritless.

In Heller, the Supreme Court noted that "the right secured by the Second Amendment is not unlimited" and expressly stated that "nothing in our opinion should be taken to cast doubt on

longstanding prohibitions on the possession of firearms by felons and the mentally ill." Heller, 554 U.S. at 626. Prior to Heller, the Fifth Circuit had held that "Section 922(g)(1) does not violate the Second Amendment." Darrington, 351 F.3d at 634. The Fifth Circuit then reaffirmed that holding after Heller, stating that "Heller provides no basis for reconsidering Darrington." United States v. Anderson, 559 F.3d 348, 352 (5th Cir. 2009), cert. denied, --- U.S. ---, 129 S. Ct. 2814 (2009). Further the Fifth Circuit has specifically held that 18 U.S.C. § 922(g)(1) does not violate the Second Amendment even when applied to non-violent felons. United States v. Everist, 368 F.3d 517, 519 (5th Cir. 2004) ("Irrespective of whether his offense was violent in nature, a felon has shown manifest disregard for the rights of others. He may not justly complain of the limitation on his liberty when his possession of firearms would otherwise threaten the security of his fellow citizens."). Accordingly, plaintiff's Second Amendment claim must be dismissed.

C. Denial of Transfer of Firearm Claim

Plaintiff claims that he was improperly denied transfer of a firearm in violation of 18 U.S.C. § 922(t)(2) because the firearm had not traveled in interstate commerce and that he was improperly denied transfer of ammunition because the purchase of ammunition does not require a background check. Plaintiff

6

requests an order requiring defendant to approve the transfer of the firearm under 18 U.S.C. § 922(t)(2) and an order prohibiting defendant from enforcing 18 U.S.C. § 922(g) as to the sale of the ammunition, thereby allowing such sale and possession. Defendant addresses plaintiff's claim as an alleged violation of Congress's power under the Commerce Clause. However, the court finds that plaintiff's claim for denial of the firearm is more appropriately construed as a claim under 18 U.S.C. § 925A.

Although neither 18 U.S.C. § 922(t)(2) nor 18 U.S.C. § 922(g) provides a cause of action or remedy for improper denial of a purchase of a firearm, 18 U.S.C. § 925A does provide such relief. Section 925A provides that an individual who has been denied a firearm pursuant to section 922(t) and who was not prohibited from receiving a firearm under section 922(g) "may bring an action . . . against the United States." 18 U.S.C. § 925A. Under this section, such an individual may obtain "an order directing that . . . the transfer be approved," as well as "a reasonable attorney's fee as part of the costs." Id. Accordingly, the court concludes that plaintiff's claim that he was improperly denied a firearm because the derringer handgun he attempted to purchase had never traveled in interstate commerce, and, thus, he was not prohibited from obtaining the handgun under section 922(g), is properly construed as a claim under 18 U.S.C.

7

§ 925A. Because the government did not address plaintiff's section 925A claim, the court concludes that the claim should not be dismissed.

V.

Order

Therefore,

The court ORDERS that the motion to dismiss filed by defendant be, and is hereby, granted in part, and that all claims and causes of action asserted by plaintiff against defendant except plaintiff's claim for improper denial of a firearm pursuant to 18 U.S.C. § 925A be, and are hereby, dismissed with prejudice.

SIGNED May 30, 2014.

_____
JOHN McBRYDE
United States District Judge