IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT - 8 2014

CLERK, U.S. DISTRICT COURT
By _____
                Deputy

| | |
|---|---|
| STEVEN WILSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | NO. 4:14-CV-158-A |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION
### and
### ORDER

Before the court for consideration and decision are (1) the motion of defendant, United States of America, for leave to file an answer to the complaint out of time, and (2) the motion of plaintiff, Steven Wilson, for default judgment. After having considered such motions, each party's response in opposition to the other party's motion, the entire record of this action, and pertinent legal authorities, the court has concluded that the proper actions to be taken by the court at this time are (1) to revisit the issues presented by the motion to dismiss defendant filed May 2, 2014, as those issues have been expanded by subsequent briefing, and, upon reconsideration, to grant such motion in its entirety, (2) deny plaintiff's motion for default judgment, and (3) deny defendant's motion for leave to file its answer out of time as moot.

I.

Litigation History

Plaintiff, acting pro se, initiated this action by the filing of his complaint on March 3, 2014, naming United States of America as the defendant. Plaintiff claimed in his complaint that the passing and enforcement by defendant of 18 U.S.C. § 922(g) was a violation of the Tenth Amendment and violated plaintiff's Second Amendment right to bear arms. Plaintiff also alleged that he was improperly denied transfer of a firearm in violation of 18 U.S.C. § 922(t)(2) because the firearm he sought to purchase had not traveled in interstate commerce. He requested an order (1) requiring defendant to approve the transfer under 18 U.S.C. § 922(t)(2) of the firearm he was seeking to purchase and (2) prohibiting defendant from enforcing 18 U.S.C. § 922(g).

By a memorandum opinion and order issued May 30, 2014, the court granted defendant's motion to dismiss as to all claims and causes of action asserted by plaintiff against defendant except what the court construed to be a claim under 18 U.S.C. § 925A. The court did not consider that defendant's motion to dismiss addressed what the court concluded was actually a request for relief by plaintiff under § 925A.

Even though plaintiff's deemed cause of action under § 925A remained pending, defendant failed, after denial of its motion to dismiss as to that deemed cause of action, to file an answer to the complaint. On September 12, 2014, the court issued an order noting that defendant had been in default for more than ninety days, and directing plaintiff by September 26, 2014, to take action to cause default to be entered against defendant and file an appropriate motion for default judgment.

On September 17, 2014, defendant filed her motion for leave to file an answer to the complaint out of time. The ground of the motion was that defendant's failure to file an answer was through inadvertence. Defendant added in her motion that she had a meritorious defense to the surviving § 925A claim, and that given an opportunity to file a response defendant would expeditiously prepare a dispositive motion to obtain a ruling on the merits of that claim. Plaintiff filed an opposition to defendant's motion for leave to file an answer out of time, asserting that defendant had had more than an adequate opportunity to defend herself against plaintiff's complaint.

On September 22, 2014, plaintiff filed a motion for default judgment.

On September 24, 2014, the court had a telephone conference/hearing, with plaintiff and counsel for defendant on the line,

3

for the purpose of discussing the pending motions and legal issues that would be presented for resolution if defendant were to be permitted to late-file an answer or other response to the complaint. The court gave the parties an opportunity to submit further briefing to the court on the pertinent legal issues. In response, defendant filed a memorandum of law on September 30, 2014, to which plaintiff responded on October 2, 2014.

On October 3, 2014, defendant filed her opposition to plaintiff's motion for default judgment.

II.

### Dismissal of the Entire Action at this Time is Appropriate

The core contention of plaintiff is that the gun he sought to purchase "never left the State of Texas, has never traveled in Interstate Commerce" and, therefore, was "not being regulated or prohibited by 18 U.S.C. 922." Compl. at 2, ¶ 6.[1] Plaintiff alleged that "defendant was required to authorize the firearm transfer under 18 U.S.C. 922(t)(2), because purchase of the 'In-State' derringer did not violate any federal or state law," id. at 3, ¶ 8, and, that "[d]efendant violated 18 U.S.C. 922(t)(2) by

---

[1] Plaintiff has abandoned his contention that his rights were violated when he was prohibited from purchasing a box of ammunition. Therefore, the court is not devoting attention to that aspect of plaintiff's complaint.

4

denying the transfer and issued [sic] an 'NTN' decline number: 2HBHL11 prohibiting plaintiff from purchasing the 'In-State' firearm," id., ¶ 9.

The court has concluded after a study of the case authorities cited in defendant's September 30, 2014 memorandum of law that even if the court were to deny defendant's motion for leave to file an answer to the complaint out of time, and were to consider the grant of a default judgment to plaintiff, such a default judgment could not be granted because the claim the court has deemed that plaintiff asserted under 18 U.S.C. § 925A would be legally unmeritorious.

Defendant places principal reliance in her September 30, 2014 memorandum of law on 18 U.S.C. §§ 922(d)(1) and 922(g)(1), which read as follows:

> (d) It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person--
> (1) is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

18 U.S.C. § 922(d)(1).

> (g) It shall be unlawful for any person--
> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

\* \* \* \* \*

5

> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

Also bearing on defendant's legal arguments is 18 U.S.C. § 922(t), which, as defendant describes it, "blocks sales to a person who is prohibited from purchase a 'firearm' under 18 U.S.C. § 922(g)(1)." Sept. 30, 2014 Mem. at 5, § B.

The Sixth Circuit noted in United States v. Rose that "Congress had a rational basis for concluding that the intrastate transfer of firearms would undercut its regulation of the interstate firearms market," with the consequence that "§ 922(d)(1) is a proper exercise of Congress's Commerce Clause power." 522 F.3d 710, 719 (6th Cir. 2008). A similar result was reached by the Eighth Circuit in United States v. Monteleone, 77 F.3d 1086, 1092 (8th Cir. 1996)(stating that "it is clear to us that section 922(d) is an essential part of a larger regulation of economic activity, in which the regulatory scheme could be undercut unless the intrastate activity were regulated" (citing United States v. Lopez, 514 U.S. 549, 563 (1995))(internal quotation marks omitted).

The court has no reason to think that the Fifth Circuit would rule differently on this constitutional issue than the

6

Sixth and Eighth Circuits. Therefore, the court concludes that even if plaintiff sought a default judgment based on a claim of erroneous denial of a firearm under the authority of 18 U.S.C. § 925A, the court would not be able to grant judgment for plaintiff inasmuch as he was not erroneously denied a firearm. He does not dispute the fact that before he sought to purchase the firearm he had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year. Thus, if the firearm dealer had sold the firearm in question to plaintiff, the dealer would have been in violation of § 922(d)(1). And, if plaintiff had acquired possession of the firearm through such a purchase, plaintiff would have been in violation of § 922(g)(1).

For the reasons stated above, as a matter of law plaintiff was not wrongfully denied a firearm within the contemplation of § 925A. Therefore, his deemed § 925A claim should be dismissed along with his other claims.

### III.

### Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff against defendant in the above-captioned action be, and are hereby, dismissed.

The court further ORDERS that plaintiff's motion for default judgment be, and is hereby, denied, and that defendant's motion for leave to file an answer to the complaint out of time be, and is hereby, denied as moot.

SIGNED October 7, 2014.

_____
JOHN McBRYDE
United States District Judge